IN THE UNITED STATES DISTRICT COUR
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY C. BARRETT,

          CASE NO. 2:12-CV-1130

Petitioner,     CRIM. NO. 2:11-CR-173(1)

 v.

UNITED STATES OF AMERICA,

Respondent.

## OPINION AND ORDER

On November 27, 2013, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed. Doc. No. 119. This matter now before the Court on Petitioner's *Objection* to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's *Objection*, Doc. No. 121, is **DENIED**. Petitioner's *Objection* Doc. No. 121, is **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner's request for an evidentiary hearing and the appointment of counsel, see Doc. No., 122, is **DENIED**.

Petitioner's December 14, 2011, convictions on armed bank robbery and possession of a firearm by a person convicted of at least three prior violent felonies are the result of his August 18 2011, negotiated guilty plea agreement. Doc. No. 48. In this habeas corpus petition, Petitioner asserts that his guilty plea was not knowing, intelligent or voluntary because it was coerced and based on the bad advice of his attorney; that his conviction was obtained through use of a coerced confession and evidence obtained by an unlawful arrest; his conviction obtained by

1

use of a violation of his right against self-incrimination; the prosecution failed to disclose favorable evidence; his convictions violate the Double Jeopardy Clause; and that he was denied effective assistance of counsel. The Magistrate Judge recommended dismissal of Petitioner's claims as either barred by virtue of his guilty plea or without merit.

Petitioner objects to the recommendations of the Magistrate Judge. He argues that the Magistrate Judge refused to allow him to argue his case. Petitioner again contends that he was led into believing he would receive leniency as a result of his guilty plea, and that all of his answers at his guilty plea hearing were coerced on the advice of defense counsel. Petitioner seeks an evidentiary hearing to establish the merits of these claims.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons already well detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection*, Doc. No. 27, is **OVERRULED**.

As discussed by the Magistrate Judge, many of Petitioner's claims are barred under the United States Supreme Court's decision in *Tollett v. Henderson*, 411 U.S. 258 (1973). Petitioner therefore is neither entitled to an evidentiary hearing on these claim, but is barred from review of these claims in these habeas corpus proceedings. His claim that he was denied a fair trial because the prosecution withheld material exculpatory evidence is entirely unsupported by the record. Similarly, his claim that he was convicted in violation of the Double Jeopardy Clause because the charges against him initially were filed in the state courts, is plainly without merit. Likewise, Petitioner's allegations of ineffective assistance of counsel are without any support in the record, or foreclosed by his statements at the guilty plea hearing. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Without any evidence backing his claims, Petitioner's allegations that his statements at his guilty

plea hearing were coerced or untrue are belied by the record. Moreover, Petitioner has failed to explain the nature of the advice of defense counsel, and thereby failed to establish the first prong of *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

For all of the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation,* Petitioner's *Objection*, Doc. No. 121, is **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner's request for an evidentiary hearing and the appointment of counsel, *see* Doc. No. 122, is **DENIED.**

**IT IS SO ORDERED.**

                                           **s/Algenon L. Marbley**
                                           ALGENON L. MARBLEY
                                           United States District Judge