IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY C. BARRETT,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. 2:12-CV-1130
CRIM. NO. 2:11-CR-173(1)
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On January 14, 2014, final judgment was entered dismissing the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. On March 19, 2014, sixty-five days after the final judgment of dismissal, Petitioner filed a *Notice of Appeal*. Doc. No. 126. This matter is before the Court on Petitioner's March 19, 2014, *Motion for Extension of Time* to file the appeal. Doc. No. 127. For the reasons that follow, Petitioner's *Motion for Extension of Time,* Doc. No. 127, is **GRANTED.** Petitioner may file his *Notice of Appeal* and a *Request for a Certificate of Appealability* on or before April 13, 2014, which is thirty days after the prescribed date for filing a timely appeal expired.

Under Federal Rule of Federal Procedure 4(a)(1)(B), an appeal must be filed within sixty (60) days of the final judgment entry of sentence. That date expired on March 14, 2014. Petitioner filed his Notice of Appeal five days thereafter, on March 19, 2014.[1] The time period for filing a notice of appeal "is both mandatory and jurisdictional." *See United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006); *United States v.*

---

[1] Petitioner does not indicate the date that he submitted his motion to prison officials for mailing.

1

*Perry*, 360 F.3d 519, 523 (6th Cir. 2004)(quoting *United States v. Christunas*, 126 F.3d 765, 767 (6th Cir. 1997)); *see also Intera Corp., et al., v. Henderson III, et al.*, 428 F.3d 605, 611 (6th Cir. 2005*); Peake v. First Nat'l Bank & Trust,* 717 F.2d 1016, 1018 (6th Cir.1983); *United States v. Means*, 133 F.3d 444, 448 (6th Cir. 1998). Petitioner may have missed this deadline here.

Still, pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
> \*\*\*
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

Petitioner filed his *Motion for Extension of Time* within thirty days after the time period to file a timely appeal expired, as required by the rule. Additionally, and accepting as true his allegation that he did not receive notice of the judgment of final dismissal until March 14, 2014, he has established good cause for the untimely filing. As explained by the Advisory Committee:

> The good cause and excusable neglect standards have "different domains." *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 232 (7th Cir.1990). They are not

> interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Advisory Committee Note to 2002 Amendments to Fed. R.App. P. 4(a)(5)(A)(ii). "If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension." *Smith v. Montgomery County Sheriff's Office*, No. 3:10-cv-448, 2013 WL 2156319, at *3 (S.D. Ohio May 17, 2013); *McGuire c. Ludwick*, No. 2:07-cv-15399, 2014 WL 539787, ta *1 (E.D. Mich. Feb. 11, 2014)(a party asserting that he or she failed to receive prompt notice of an order that he or she wishes to appeal may seek relief for filing an appeal under . . . Federal Rule of Appellate Procedure 4(a)(5)).

The Court hereby **GRANTS** Petitioner's request. Petitioner may file his *Notice of Appeal* and *Request for a Certificate of Appealability* on or before April 13, 2014, which is thirty days after the prescribed date for filing a timely appeal expired.

**IT IS SO ORDERED.**

                                               **/s/ Terence P. Kemp**
                                               United States Magistrate Judge