IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY BARRETT,

        CASE NO. 2:15-CV-02876
   Petitioner,        CRIM. NO. 2:11-CR-00173
        JUDGE ALGENON L. MARBLEY
   v.        MAGISTRATE JUDGE KEMP

UNITED STATES OF AMERICA,

   Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a federal petitioner, brings the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the motion, Doc. #136, be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition.

Petitioner's *Motion to Appoint Counsel*, Doc. #134, is **DENIED**.

This case involves Petitioner's underlying convictions on armed bank robbery and possession of a firearm in and affecting commerce by a person convicted of at least three prior violent felony offenses made pursuant to the terms of his negotiated *Plea Agreement*. Doc. #122. Petitioner asserts that the Court unconstitutionally imposed sentence in view of the recent decision of the United States Supreme Court in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015)(holding that the residual clause of the Armed Career Criminal Act is unconstitutionally vague).

However, this is not Petitioner's first § 2255 motion.  On January 14, 2014, this Court denied Petitioner's prior § 2255 petition.  Doc. # 123.  On April 1, 2015, the Sixth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability.  Doc. #133.

28 U.S.C. § 2255(h) states that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive postconviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper,* 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curia*).

Under § 2244(b)(3) (A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir.1996). That being the case, this Court is without jurisdiction to entertain a second or successive § 2255 petition unless authorized by the Court of Appeals for the Sixth Circuit.

Other courts to consider whether a second habeas corpus petition raising a claim under *Johnson* constitutes a successive § 2255 petition have determined that it does. In *Anderson v. Snyder-Norris*, 2015 WL 5174234 (E.D. Ky. Sept. 2, 2015), the United States District Court for the Eastern District of Kentucky held that a petition under 28 U.S.C. § 2241 challenging an ACCA enhanced sentence under *Johnson* is properly considered under 28 U.S.C. § 2255 and requires authorization for filing from the Court of Appeals where the petitioner had previously sought § 2255 relief. *Id*. at *4-5 (citing *Cockrell v. Kreuger*, No. 1:15-CV-01279, 2015 WL 4648029 (C.D. Ill., Aug. 5, 2015); *Wood v. Maiorana*, No. 3:CV-15-1409, 2015 WL 4663267, at *2-6 (M.D.Pa. Aug. 6, 2015)). *See also Lane v. Butler*, -- F.Supp.3d --, 2015 WL 5612246, at *3 (E.D. Ky. Sept. 21, 2015)(claim under *Johnson* properly considered under 28 U.S.C. § 2255 in lieu of § 2241, and requires authorization for filing where successive); *Jennings v. Lariva*, 2015 WL 5156047, at *2-3 (S.D. Ind. Sept. 2, 2015)(28 U.S.C. § 2241 not proper remedy for claim under *Johnson*, and the petitioner must seek authorization for filing a successive § 2255 petition)(citations omitted). This Court therefore reaches this same conclusion here.

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C § 1631.

*Id*. at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (*per curia*).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing as successive.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

-5-

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge