IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY C. BARRETT,

        CASE NO. 2:15-cv-2876

**Petitioner,**         CRIM. NO. 2:11-cr-173

   v.         JUDGE ALGENON L. MARBLEY
        **Magistrate Judge Kemp**

UNITED STATES OF AMERICA,

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. The case is before the Court on the motion (Doc. 136), the United States' response (Doc. 155), and Petitioner's reply and supplemental memorandum supporting reply (Docs 159 and 160). For the following reasons, it will be recommended that the motion to vacate be **DENIED**.

### I. Facts and Procedural History

On July 7, 2011, the grand jury indicted Anthony C. Barrett, Henry B. Moore, Jr., and Nathaniel Crews, Jr. Count 1 charged the three defendants with conspiring to commit armed bank robbery. Petitioner and one or more of the other two defendants were also charged with committing the robbery (which took place at a Huntington National Bank Branch located on East Main Street in Bexley, Ohio) and with carrying and brandishing one or more firearms during the robbery (Counts 2 and 3). Finally, the grand jury charged Petitioner with possessing both firearms and ammunition after having been convicted of three prior violent felonies (Counts 4 and 5). (Doc. 16).

Because Petitioner was financially unable to retain counsel, the Court appointed attorney J. Kristin Burkett to represent him. (Doc. 23).

Petitioner was arraigned on July 20, 2011 and pleaded not guilty. The case was set for trial on August 29, 2011. Twelve days before trial, Petitioner signed a plea agreement which obligated him to plead guilty to Counts 2 and 4 of the indictment. He acknowledged that he could be sentenced to up to 25 years in prison for the armed bank robbery and that Count 4 carried a term of imprisonment of between 15 years and life, but he and the United States stipulated to a sentence of 19 years, which would bind the Court if the plea agreement were accepted. Petitioner also waived his right to appeal his sentence or to challenge it collaterally through a §2255 proceeding, but retained the right to challenge his sentence on grounds of ineffective assistance of counsel or prosecutorial misconduct. (Doc. 48, ¶s 1, 2, 11 & 13). Two days later he appeared before Judge Marbley and entered his guilty plea. His plea was accepted and on December 7, 2011, Judge Marbley sentenced Petitioner to a total of 228 months of imprisonment - the agreed sentence of nineteen years - on each of the two counts, to be served concurrently. That sentence is reflected in the judgment and commitment order filed on December 14, 2011. (Doc. 76).

Petitioner did not appeal. However, he filed a motion to vacate sentence on December 7, 2012. He raised nine separate grounds for relief. For the most part, despite the fact that the plea agreement contained a waiver of the right to file a motion under §2255, the United States addressed those claims on their merits. The Court, however, dismissed all claims not based on an allegation of ineffective assistance of counsel

because of the guilty plea or the waiver contained in the plea agreement, and denied the remaining grounds for relief as lacking in merit. (Doc. 123). Petitioner unsuccessfully appealed that decision, with both this Court and the Court of Appeals denying his request for a certificate of appealability. (Docs. 131 and 133).

Petitioner's second motion to vacate - the one being addressed by this Report and Recommendation - was filed on September 4, 2015. Because it was a second or successive motion, this Court transferred it to the Court of Appeals on November 13, 2015. In an order filed on August 24, 2016, the Court of Appeals granted Petitioner leave to file this motion, reasoning that because Petitioner's current petition raised an issue about the proper application of *Johnson v. United States*, 135 S.Ct. 2551 (2015) to his sentence on Count Four, and because the holding in *Johnson* had, in *Welch v. United States*, 136 S.Ct. 1257 (2016), been made retroactive to cases on collateral review, good cause existed to allow Petitioner to proceed on his second motion. This Court then issued the show cause order which led to the filing of the response, reply, and supplemental memorandum described above.

## II. Petitioner's Claims and the United States' Response

Petitioner received concurrent 19-year sentences on Count Two, the armed bank robbery charge, and Count Four, on which he was sentenced under the Armed Career Criminal Act, or ACCA. As more fully discussed below, *Johnson* applies only to sentences imposed under the ACCA. Petitioner's motion asserts that at least one of the three prior offenses used to qualify him for a 15-year minimum sentence under theACCA was based on the residual clause of the statute, which *Johnson* held to be void

for vagueness. According to Petitioner, this error renders the entire plea agreement void.

The United States opposes granting relief on numerous grounds. It argues that the three violent felony convictions used to sentence Petitioner under the ACCA - two Florida robbery convictions and one Ohio robbery conviction - count as prior violent felonies under other sections of the ACCA which were not impacted by the *Johnson* decision. It also asserts that this claim was waived by the plea agreement, that it was procedurally defaulted because Petitioner did not appeal his sentence, and that, under the "concurrent sentence" doctrine, the Court should decline to review the ACCA sentence because, even if it were vacated or reduced, Petitioner would still have to serve the same 19-year sentence which was imposed on the armed bank robbery count. Anticipating that Petitioner might attempt to excuse any procedural default of this claim by arguing that it would have been futile to raise the vagueness challenge to the ACCA before *Johnson* was decided, the United States asserts that this argument was not so novel that counsel could not reasonably have believed in its merits even before the Supreme Court adopted it (and, in the process, effectively overruled contrary decisions from the Sixth Circuit Court of Appeals).

Petitioner responds to these arguments as follows. First, he asserts that robbery can never qualify as a crime of violence under the ACCA. Second, he contends that his current claim is actually a claim that his trial counsel was constitutionally ineffective because she permitted him to plead guilty to an ACCA charge when the statute was void for vagueness. He also argues that his counsel was ineffective for not filing an

4

appeal which raised the vagueness issue. Lastly, he responds to the argument that the Court should apply the concurrent sentence doctrine by contending that the *Johnson* error voids his entire plea agreement. In his supplemental reply, he appears to clarify his claim concerning whether the robbery offenses for which he was convicted qualify as crimes of violence, stating that they do not due to the vagueness of the residual clause of the ACCA.

### III. Discussion

#### A. *Johnson v. United States*

Before beginning a discussion of Petitioner's specific arguments, it is helpful to explain exactly what the Supreme Court held in *Johnson v. United States*. There, the United States Supreme Court held that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. Under the ACCA, a criminal defendant who is found guilty of possessing a firearm after having been convicted on three or more convictions of a "serious drug offense" or a "violent felony" is subject to a mandatory minimum sentence of 15 years and a maximum term of life in prison. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]*

18 U.S.C. § 924(e)(2) (Emphasis added). The italicized portion of subsection (ii) is known as the "residual clause," and it is the section of the statute that *Johnson* found to be unconstitutionally vague. The Supreme Court's decision left the first portion of the definition of "crime of violence" intact.

### B. Application of *Johnson* to Petitioner's Case

Petitioner has made three filings in this case which characterize his claim. The first, his motion, asserts, with little supporting argument, that his ACCA sentence was invalidated by *Johnson.* In his response, however, Petitioner argues that his robbery convictions do not constitute crimes of violence within the meaning of 18 U.S.C. § 924(c), arguing that these convictions do not qualify as "crimes of violence" under 18 U.S.C. § 924(c) by application of the "categorical approach" required by *Descamps v. United States*, -- U.S. –, 133 S.Ct. 2276 (2013), and *Taylor v. United States*, 495 U.S. 575 (1990), and as defined in *Johnson v. United States,* 559 U.S. 133, 140 (2010). Clearly, this claim has been waived for numerous reasons. It was not raised on direct appeal; it was not raised in Petitioner's first motion to vacate; it is not a *Johnson* claim, which is the only claim on which the Court of Appeals has granted Petitioner leave to pursue through what would otherwise be a prohibited second motion to vacate; and it was waived in the plea agreement. The Court sees no need to address this claim in any detail, other than to say it also appears to fail on its merits, *see United States v. Patterson*, - F.3d-, 2017 WL 1208425 (6th Cir. April 3, 2017).

Perhaps recognizing that this argument would not succeed, in his supplemental memorandum, Petitioner changed tactics, alleging again that the robbery convictions were swept into the ACCA through the residual clause and that his sentence is therefore void. That argument, however, does not fit the facts. Although the United States concedes that there is some conflicting authority (for example, *United States v. Moore*, 203 F.Supp.3d 854 (N.D. Ohio 2016), a case which is currently on appeal) about whether aggravated robbery, as defined by Ohio law, qualifies as a violent felony under 18 U.S.C. §924(e)(2(B)(i) - which, again, is not the section of the statute affected by *Johnson* - that does not matter here. This Court treated all three robbery convictions as crimes of violence under that subsection because they involved "the use, attempted use, or threatened use of physical force against the person of another...." Robbery is such a crime, and it was intended to be included in the ACCA, which represented an expansion of the prior law which specifically referred to burglary and robbery. *See, e.g., Begay v. United States,* 553 U.S. 137 (2008); *see also Patterson, supra*. This Court has treated other robbery convictions, such as those under the Hobbes Act, 18 U.S.C. §951, as crimes of violence under §924(e)(2)(B)(i) and not under the residual clause invalidated by *Johnson*. *See, e.g., Velazquez v. United States*, 2016 WL 8193687 (S.D. Ohio Dec. 15, 2016), *adopted and affirmed* 2017 WL 447243 (S.D. Ohio Feb. 2, 2017). Consequently, even if it could be argued, based on the reasoning in *Moore* (which the United States contends was wrongly decided), that Petitioner's Ohio conviction is not actually a crime of violence as defined in §924(e)(2)(B)(i) , this is not the place to make that argument. *Moore*, it should be noted, made its holding in the context of sentencing, and not on a

7

motion for collateral review which relies on *Johnson*, and it did not address the residual clause of the ACCA. The assertion that the three robbery convictions do not qualify as crimes of violence under §924(e)(2)(B)(i), is not a *Johnson*-based claim, and it was waived in multiple ways, including by the plea agreement.

Attempting to avoid this result, Petitioner argues that he is not actually attacking the Court's decision to treat the robbery convictions as crimes of violence under the ACCA, but is raising a claim of ineffective assistance of counsel for not making a *Johnson* claim at the time the plea agreement was being negotiated. That argument, too, fails for numerous reasons. That is not the claim on which Petitioner was authorized to proceed by the Court of Appeals. Further, since the residual clause of the ACCA was not used in sentencing Petitioner, counsel could not have been ineffective for failing to challenge that clause as void, because such a challenge would have had no effect on the outcome of the case. Finally, to the extent that Petitioner's various filings might be construed to be raising a claim that counsel should have raised the same issue which was decided in *Moore*, that is even further afield from the *Johnson* claim which the Court of Appeals authorized.

There is likely merit in the United States' alternative argument which relies on the concurrent sentence doctrine. The guideline range for the armed bank robbery conviction was actually higher than the sentence which Petitioner received, and had the Court accepted an argument, at the time of sentencing, that Petitioner could not be sentenced under the ACCA, it would still have imposed the same sentence - which is the one to which both Petitioner and the United States had agreed. However, the short

8

answer to all of Petitioner's arguments is that he has no claim under *Johnson* or even tangentially related to *Johnson*, and because that is the only type of claim he can pursue in this successive motion, he is not entitled to any relief.

## IV.  Recommended Disposition

For the reasons set forth above, the Magistrate Judge **RECOMMENDS** that the motion to vacate sentence (Doc.36 ) be **DENIED** and that this action be **DISMISSED**.

## V.  Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s Terence P. Kemp
United States Magistrate Judge