IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY C. BARRETT,

          CASE NO. 2:15-CV-2876
   Petitioner,      CRIM. NO. 2:11-CR-173
          JUDGE ALGENON L. MARBLEY
   v.         MAGISTRATE JUDGE KEMP

UNITED STATES OF AMERICA,

   Respondent.

## OPINION AND ORDER

On April 6, 2017, the Magistrate Judge issued a *Report and Recommendation* recommending that the *Motion to Vacate under 28 U.S.C. § 2255* (Doc. 136) be denied. (Doc. 166.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (Doc. 167.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (Doc. 167) is **OVERRULED.** The *Report and Recommendation* (Doc. 166) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

On August 19, 2011, Petitioner pleaded guilty charges of armed bank robbery and possessing firearms and ammunition after having been convicted of three prior violent felonies. (Docs. 48, 52.) On December 7, 2011, the District Court imposed 228 months incarceration on both charges, such sentences to be served concurrently to each other, pursuant to the terms of Petitioner's *Plea Agreement*. On August 24, 2016, the United States Court of Appeals for the Sixth Circuit granted Petitioner authorization for the filing of the instant successive § 2255 motion on Petitioner's claim that he should not be subject to an enhanced sentence under 18 U.S.C. § 924(e)(1) because his prior convictions no longer qualify as "violent felonies" in view

of the Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015)(declaring the "residual clause" of 18 U.S.C. 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague). (Doc. 153.) The Magistrate Judge recommended dismissal of Petitioner's claim on the merits.

Petitioner objects to the Magistrate Judge's recommendation of dismissal. He argues that his prior Ohio robbery conviction does not qualify as a "violent felony" within the terms of the ACCA in view of the Supreme Court's decision in *Johnson*, 135 S.Ct. at 2551, and because it is "categorically overbroad" and does not involve "violent force capable of causing physical harm to a person" under *Johnson v. United States*, 559 U.S. 133 (2010). Petitioner also again asserts the denial of the effective assistance of trial and appellate counsel and claims that he was forced to enter a guilty plea. Petitioner contends that the error in his sentencing, based on his clam under *Johnson* voids his entire *Plea Agreement*. He maintains that this case involves a manifest miscarriage of justice and that he is actually innocent of his conviction under the ACCA.

For the reasons discussed by the Magistrate Judge, Petitioner's arguments are not persuasive. The sole claim authorized for consideration in these proceedings involves Petitioner's claim that he was improperly sentenced under *Johnson,* 135 S.Ct. at 2551. That claim fails, as Petitioner's prior robbery convictions qualify as crimes of violence under the provision of § 924(e)(2)(B)(i), which remains unaffected by *Johnson*. Petitioner's argument that his Ohio robbery conviction does not constitute a crime of violence under § 924(e)(2)(B)(i), that his guilty plea was not knowing, intelligent, and voluntary, and that he was denied the effective assistance of counsel are not properly before this Court.

For these reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation,* Petitioner's *Objection* (Doc. 167) is **OVERRULED.** The *Report and*

*Recommendation* (Doc. 166) is **ADOPTED** and **AFFIRMED**. This action is hereby

**DISMISSED.**

      **IT IS SO ORDERED.**

ALGENON L. MARBLEY
United States District Judge