IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY C. BARRETT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:15-CV-2876
CRIM. NO. 2:11-CR-173
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On April 25, 2017, the Court issued an *Opinion and Order* dismissing the *Motion to Vacate under 28 U.S.C. § 2255*. (Doc. 168.) On May 8, 2017, Petitioner filed a Notice of Appeal. (Doc. 169.) Petitioner has subsequently filed a *Motion for Reconsideration*. (Doc. 171.) For the reasons that follow, Petitioner's *Motion for Reconsideration* (Doc. 171) is **DENIED**.

Petitioner requests reconsideration of this Court's dismissal of his motion under 28 U.S.C. § 2255. Petitioner argues that his prior Florida and Ohio robbery convictions do not qualify as crimes of violence so as to support his sentence under the Armed Career Criminal Act ("ACCA") in view of *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016). Petitioner again argues, therefore, that he is the victim of a manifest miscarriage of justice, that he is "actually innocent" of his conviction under the ACCA, and that his entire *Plea Agreement* is void. Petitioner also again asserts the denial of the effective assistance of counsel.

However, the filing of the appeal divests this Court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals. *Adkins v. Jeffreys*, 327 Fed.Appx. 537, 539 (6th Cir. 2009)(citing *Dunham v. United States*, 486 F.3d 931, 935 ( (6th Cir. 2007)).

Moreover, Petitioner has presented no grounds warranting reconsideration of the Court's prior dismissal of § 2255 motion.

The sole claim authorized for consideration by in this successive § 2255 motion involves Petitioner's claim that he was improperly sentenced under the Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2551). As previously discussed, that claim fails, because Petitioner's prior robbery convictions qualify as crimes of violence under the provision of § 924(e)(2)(B)(i), which remains unaffected by *Johnson*. Petitioner's remaining claims, including his new argument that his prior convictions do not qualify as violent felonies under the Supreme Court's decision in *Mathis*, are not properly before this Court.

Therefore, Petitioner's *Motion for Reconsideration* (Doc. 171) is **DENIED**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
United States District Judge