# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ANTHONY C. BARRETT,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:19-cv-2709
Crim. No. 2:11-cr-00173(1)
**JUDGE ALGENON L. MARBLEY**
**Chief Magistrate Judge Elizabeth P. Deavers**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed this Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 182.) This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges. As a preliminary matter, Petitioner's Motion to Amend (ECF No. 183) hereby is **GRANTED**.

This matter is before the Court on its own motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. For the reasons that follow, the Undersigned **RECOMMENDS** that the Motion to Vacate and Amended Motion to Vacate under 28 U.S.C. § 2255 (ECF Nos. 182 and 183) be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

## I. FACTS AND PROCEDURAL HISTORY

On August 19, 2011, Petitioner pleaded guilty pursuant to the terms of his negotiated Plea Agreement to Counts 2 and 4 of the Indictment, charging him with armed bank robbery and possession of a firearm in and affecting commerce by a person convicted of at least three prior violent felony offenses. (ECF Nos. 48, 52.) On December 14, 2011, Judgment was entered

sentencing Petitioner to an aggregate term of 228 months imprisonment, to be followed by five years supervised release. (ECF No. 76.) On December 7, 2012, Petitioner filed his first motion under 28 U.S.C. § 2255. (ECF No. 96.) On January 14, 2014, the Court dismissed that action. (ECF No. 123.) On April 1, 2015, the United States Court of Appeals for the Sixth Circuit denied the application for a certificate of appealability. (ECF No. 133.) On September 4, 2015, Petitioner filed his second motion under 28 U.S.C. § 2255. (ECF No. 136.) On November 13, 2015, the Court transferred that action to the Sixth Circuit as successive. (ECF No. 139.) On August 24, 2016, the Sixth Circuit granted Petitioner authorization for the filing of a successive § 2255 action under *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015). (ECF No. 153.) On April 25, 2017, the Court dismissed that action. (ECF No. 168.) On November 15, 2018, the Sixth Circuit affirmed the dismissal of Petitioner's second motion under 28 U.S.C. § 2255. (ECF No. 178.) On May 13, 2019, the United States Supreme Court denied the petition for a writ of *certiorari*. (ECF No. 181.)

On June 26, 2019, Petitioner filed this, his third Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 182.) He asserts that his is actually innocent of his conviction in Count 4 on possession of a firearm by a person with three prior felony offenses, and that he was improperly sentenced under the Armed Career Criminal Act ("ACCA"), because he does not have three qualifying prior predicate violent felonies, and that he is entitled to be released under provisions of the First Step Act (claim one); that the Court unconstitutionally sentenced him beyond the statutory maximum for the offenses charged (claim two); that he is currently unlawfully incarcerated based on a fundamental miscarriage of justice, because he was sentenced outside of the statutory maximum range, and has been denied relief based on a silent record (claim three); and that his sentence violates the terms of his Plea Agreement (claim four). Petitioner has also

filed a Motion to Amend. In his Amended Petition, he additionally asserts that he is actually innocent of his conviction under 18 U.S.C. § 924(e)(1), and 18 U.S.C. § 924(g), in view of *Rehaif v. United States*, -- U.S. --, 139 S.Ct. 2191 (2019). (See ECF No. 183.)

## II. ANALYSIS

As discussed, this is not Petitioner's first motion under 28 U.S.C. § 2255.

Before a successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Where a district court determines that a motion to vacate constitutes a successive motion, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), that court lacks jurisdiction to entertain the motion to vacate unless the court of appeals has authorized the filing. Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Because petitioner filed two earlier motions to vacate, the Motion to Vacate under 28 U.S.C. § 2255 presently before the Court constitutes a successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization for filing.

The Court of Appeals will grant leave to file a successive motion to vacate only if the motion presents

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

3

28 U.S.C. § 2255(h).

To the extent that Petitioner seeks to challenge his sentence under the provision of the First Step Act of 2018, Pub. L. No. 115-391 (effective December 21, 2018), he should file a motion for reduction of his sentence under the First Step Act. *See, e.g., United States v. Terrell*, -- F. App'x --, 2019 WL 18957890, at *1 (4th Cir. April 29, 2019) (affirming the district court's order construing a motion under Rule 60(b) of the Federal Rules of Civil Procedure as an unauthorized successive motion under 28 U.S.C. § 2255, but denying the motion without prejudice to the filing of an action seeking relief under the First Step Act); *United States v. Maddox*, No. 2:09-cr-045, 2:15-cv-271, 2019 WL 1291803, at *1 n.2 (E.D. Tenn. March 20, 2019) (declining to address a request for a new sentencing hearing under the First Step Act in § 2255 proceedings); *Mickles v. United States*, No. 6:19-cv-060-CHB, 2019 WL 1995329, at *3 (E.D. Ky. May 6, 2019) (noting that the First Step Act did not provide for relief under the provision of 28 U.S.C. § 2241).

## Recommended Disposition

Therefore, it is **RECOMMENDED** that the Amended Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 182) be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

_s/ *Elizabeth A. Preston Deavers*_
Elizabeth A. Preston Deavers
Chief United States Magistrate Judge